**06    407**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

DONALD F. HERLIHY JR.

Plaintiff,

-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal
Employment Opportunity; RAFAEL PINIERO, Chief, Personnel
Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive
Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief,
Employee Relations Section; KEVIN HOLLORAN, Deputy Inspector,
Commanding Officer, Medical Division; DANIEL SWEENEY, Sergeant,
Counseling Services Unit; SUZANNE GIMBLET, Detective,
Counseling Services Unit; MICHAEL BAHRENBURG, Police Officer,
Counseling Services Unit; SAM WILLIS, Counseling Services Unit;
CHRISTINE CARLOZZI, Nurse, Counseling Services Unit;
CHARLES V. CAMPISI, Chief, Internal Affairs Bureau;
ARIANA DONOVAN, Captain, Internal Affairs Bureau; EDWARD
A. THOMPSON, Captain, Internal Affairs Bureau, Group
27; VALLUZZI, Captain; DOHERTY, Lieutenant, PBMS Investigations
Unit, each being sued individually and in their official capacities as
employees of the Police Department City of New York.

Defendants.

------------------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
JAN 31 2006
BROOKLYN OFFICE

*JOHNSON, J*

*LEVY, M.J.*

The plaintiff DONALD F. HERLIHY JR., by his attorneys, Jeffrey L. Goldberg, P.C., as

and for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY;

SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE

CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON;

VALLUZZI; and DOHERTY respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff DONALD F. HERLIHY JR., (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his constitutional and statutory rights as a result of the defendants' policies and practices of differentiating between individuals regarded as having a disability in the conditions of their employment.  Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a) the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(b) the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(c) the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(d) the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code

§ 8-502; New York City Administrative Code § 14-115; the Intentional Infliction of Emotional Distress; and Intentional Inference with an Employment Contract; and False Imprisonment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.    Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.    Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.    Defendants' RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal Employment Opportunity; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; KEVIN HOLLORAN, Deputy Inspector, Commanding Officer, Medical Division; DANIEL SWEENEY, Sergeant, Counseling Services

3

Unit;  SUZANNE  GIMBLET,  Detective,  Counseling  Services  Unit;  MICHAEL

BAHRENBURG, Police Officer, Counseling Services Unit; SAM WILLIS, Counseling Services

Unit; CHRISTINE CARLOZZI, Nurse, Counseling Services Unit; CHARLES V. CAMPISI,

Chief, Internal Affairs Bureau; ARIANA DONOVAN, Captain, Internal Affairs Bureau;

EDWARD A. THOMPSON, Captain, Internal Affairs Bureau, Group 27; VALLUZZI, Captain;

DOHERTY, Lieutenant, PBMS Investigations Unit, each being sued individually and in their

official capacities as employees of the Police Department City of New York.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff is not required to exhaust any administrative procedures prior to suit under

the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

## BACKGROUND

9.      Plaintiff is a Detective who is employed by defendant CITY more specifically the

NYPD and has either been diagnosed with suffering from or regarded as suffering from chronic

alcohol dependency.

10.     Plaintiff alleges that the earliest actions of disability discrimination commenced

on or about October 21, 2005, and continue to this day.

11.     Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's

Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance

Program (hereinafter referred to as  an EAP) relating to employees of the NYPD more

specifically the Counseling Services Unit without controlled oversight and allowing it to operate

as an EAP without the appropriate certification or waiver from the New York State Office of

Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other

appropriate governing authority.

12.    Plaintiff alleges that from October 21, 2005, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY have violated his civil rights as well as other similarly situated employees regarded as disabled employees due to chronic alcohol dependency although there were no changes in their level of job performance.

13.    Plaintiff alleges that from October 21, 2005, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE CARLOZZI, as well as other members of the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination. Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE CARLOZZI, as well as other members of the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents of their own case folders.

14.    Plaintiff alleges that from October 21, 2005, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI;

and DOHERTY improperly and without legal authority allowed defendants' DANIEL

SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and

CHRISTINE CARLOZZI, as well as other members of the Counseling Services Unit to coerce

plaintiff as well as other similarly situated employees under the threat of suspension and/or

termination into signing a Counseling Contract without the benefit of legal counsel. Defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS;

and CHRISTINE CARLOZZI, as well as other members of the Counseling Services Unit would

then strictly enforce the conditions of the contract against plaintiff and other similarly situated

employees when they had no actual knowledge of the conditions because a copy of the

Counseling Contract was not provided to them. Nor were the legal ramifications of the

conditions explained to them.

    15.    Plaintiff alleges that from October 21, 2005, defendants' RAYMOND W.

KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; CHARLES V. CAMPISI;

ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY improperly

and without legal authority allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE CARLOZZI, as well as other

members of the Counseling Services Unit to coerce plaintiff as well as other similarly situated

employees into waiving their informed consent right under the threat of suspension and/or

termination to make their own medical decisions for any treatment. Upon information and

belief, defendant's DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; and CHRISTINE CARLOZZI would then authorize payment for any treatment received to be directly billed to the employee's respective insurance carriers.

16.     Plaintiff alleges that from October 21, 2005, until this day, that he and other similarly situated employees are being forced to attend inpatient residential and outpatient treatment programs such as Marworth; Bridge Back to Life and/or The Maxwell Institute when defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY, as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission.  Plaintiff further alleges that defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE CARLOZZI, as well as other members of the Counseling Services Unit would then either have defendant CITY's Operating Budget directly billed for the costs or have the treatment provider pass the costs directly to the affected employee.  Upon information and belief inpatient residential and outpatient alcohol treatment programs such as Marworth; Bridge Back to Life and/or The Maxwell Institute knew or should have known that the plaintiff as well as other similarly situated employees are being forced to attend their respective programs against their will although they did not meet the chronic alcohol dependency criteria.

17.     Plaintiff alleges that from September 2003, until March 2005, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

DANIEL SWEENEY; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A.

THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed

defendant SUZANNE GIMBLET to hold herself out as a Certified Alcohol and Substance Abuse

Counselor (CASAC) while her certification was lapsed. Defendant SUZANNE GIMBLET's

credentials were lapsed in or around September 2003, and were reinstated in or around March

2005. During such period, defendant SUZANNE GIMBLET continued to counsel other

similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and

refer other similarly situated employees to various inpatient residential and outpatient alcohol

treatment programs including Marworth; Bridge Back to Life and/or The Maxwell Institute.

    18.    Plaintiff alleges that from October 21, 2005, until this day, defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

DANIEL SWEENEY; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A.

THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed

members of the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees

such as defendants' DANIEL SWEENEY; MICHAEL BAHRENBURG; SAM WILLIS; and

CHRISTINE CARLOZZI to counsel and/or refer plaintiff as well as other similarly situated

employees to inpatient residential and outpatient alcohol treatment programs such as Marworth;

Bridge Back to Life and/or The Maxwell Institute without medical necessity.

    19.    Plaintiff alleges that from October 21, 2005, until this day, defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

DANIEL SWEENEY; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A.

THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed

defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM

WILLIS; and CHRISTINE CARLOZZI as well as other members of the Counseling Services

Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to

inpatient residential and outpatient alcohol treatment programs under the threat of suspension

and/or termination.

    20.    Plaintiff alleges that from October 21, 2005, until this day, defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI;

and DOHERTY improperly and without legal authority allowed defendants' DANIEL

SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and

CHRISTINE CARLOZZI as well as other members of the Counseling Services Unit to attempt

to force plaintiff as well as other similarly situated employees into inpatient residential and

outpatient alcohol treatment programs.  Plaintiff alleges that the Counseling Services Unit would

make referrals to inpatient residential and outpatient alcohol treatment programs although there

were no findings of chronic alcohol abuse.  Plaintiff alleges that such referrals were solely for the

financial benefit of the respective programs as well as defendants' DANIEL SWEENEY;

SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE

CARLOZZI and other members of the Counseling Services Unit.  Upon information and belief,

defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs

and Retired Lieutenant Jacqueline McCarthy is now employed by the Long Island Center for

Recovery as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1).

21.    Plaintiff alleges that from October 21, 2005, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

22.    Plaintiff alleges that from October 21, 2005, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY improperly and without legal authority allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; and CHRISTINE CARLOZZI as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Counseling Sessions under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

23.    On or about October 21, 2005, until this day, plaintiff and other similarly situated

employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination.

24.     Plaintiff alleges that on or about October 21, 2005, based on the subjective assessment by defendant VALLUZZI inside of the 5th Precinct that the plaintiff was intoxicated while operating RMP 818, he was placed under arrest by defendant DOHERTY.  Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such inappropriate summary action against the plaintiff.

25.     Plaintiff alleges that on or about October 21, 2005, he was improperly and illegally suspended without pay from his police duties based on the subjective assessment of defendant VALLUZZI.  Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such action against the plaintiff.

26.     Plaintiff alleges that on or about October 21, 2005, when he was informed by defendant VALLUZZI that he was being placed under arrest by defendant DOHERTY for DWI, plaintiff requested the response of a union delegate and/or attorney and such request was summarily dismissed.  Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such action against the plaintiff.

27.     Plaintiff alleges that on or about October 21, 2005, he was forcibly removed from

the 5th Precinct to the 7th Precinct where the Intoxicated Drivers Testing Unit is located. Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such action against the plaintiff.

28.     Plaintiff alleges that on or about October 21, 2005, the Highway Officer assigned to perform the Sobriety testing warned NYPD ranking officials in the testing room that the plaintiff had a right to speak to a union delegate and/or attorney before the testing should begin but, the officer was ordered to begin the testing anyway. Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such action against the plaintiff.

29.     Plaintiff alleges that on or about October 21, 2005, Police Officer Aaron Jackson, the PBA Delegate notified Lieutenant Farrell and Inspector Morensano that Detective Bryan Hunt, the DEA Delegate that he would like to speak to the plaintiff but, the request was summarily dismissed. Upon information and belief, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES V. CAMPISI; ARIANA DONOVAN and EDWARD A. THOMPSON were conferred with and authorized such action against the plaintiff.

30.     Plaintiff alleges that on or about October 21, 2005, when the Highway Officer asked him to submit to the Breathalyzer, plaintiff refused because he was not able to speak to a union delegate and/or attorney.

31.     Plaintiff alleges that on or about October 21, 2005, he did not consume any intoxicants nor was he driving RMP 818, under the influence of an intoxicant.

32.     Plaintiff alleges that on or about October 21, 2005, his arrest was not expedited therefore, he was in the 7th Precinct past the three (3) hour limit.

33.     Plaintiff alleges that on or about October 21, 2005, the Manhattan District Attorney's Office declined to prosecute him.  Upon information and belief, defendant CHARLES V. CAMPISI called the Manhattan District Attorney's Office to try to sway the prosecution but, he was rebuffed.

34.     Plaintiff alleges that on or about October 21, 2005, defendant EDWARD A. THOMPSON requested Charges and Specifications for plaintiff through defendant GEORGE A. GRASSO's Department Advocate's Office.  Plaintiff alleges that the Charges and Specifications which were drafted by Team Leader Lauren Fox were based on conduct of his then partner Detective Michael Grady whose conduct was improperly and illegally ascribed to him.  Plaintiff alleges that such Charges and Specifications were not proffered against him in good faith.

35.     Plaintiff alleges that on or about November 21, 2005, after serving a thirty (30) day suspension, Lieutenant Pitaffy served him with Charges and Specifications related to his arrest on October 21, 2005.  Plaintiff alleges that he was then ordered to report to the Early Intervention Unit and then to the Counseling Services Unit.

36.     Plaintiff alleges that on or about November 21, 2005, he met with defendants' DANIEL SWEENEY and SAM WILLIS.  Both defendants' requested consent under the threat of suspension and/or termination to speak with relatives about the plaintiff's alleged chronic alcohol dependency abuse.  Plaintiff alleges that he reluctantly complied with their request.

37.     Plaintiff alleges that on or about November 21, 2005, defendant DANIEL

SWEENEY introduced himself as the Commanding Officer of the Counseling Services Unit.

Plaintiff alleges that introduction facilitated the following conversation:

Plaintiff:      I am doing fine.

Defendant SWEENEY:      You won't do well when I call the Department Advocate and tell

them that you are being uncooperative. Are you aware that your partner came through here a

few weeks ago?

Plaintiff:      If you say so Sergeant. But, what does that mean?

Defendant SWEENEY:      What would you say if I told you that your partner came through

here and said that he drank twelve (12) beers that night and that he drinks every night in the

RMP? What would you say to that?

Plaintiff:      That is a lie because I ride with Grady just about every night and I am telling you

that he does not drink in the RMP. And as far as the night in question I now know that he had

one (1) beer because Grady told Captain Valluzzi that he brought a beer in from home with a

ham sandwich. If he said anything other than that, then he would be lying.

    38.    Plaintiff then asked defendants' DANIEL SWEENEY and SAM WILLIS is

everything they discuss in confidence? Both defendants answered yes. Plaintiff then asked

"Then why are you talking to me about Grady's case? We are here to talk about me Detective

Herlihy, not Grady, so please do not mention his name again."

    39.    Plaintiff then asked defendants' DANIEL SWEENEY and SAM WILLIS "Why

would they call the Department Advocate's Office and tell them that he is uncooperative? When

he answered all of the questions posed to him and gave them consent to speak to his relatives

about his alleged chronic alcohol dependency." Neither defendant had a response. Then

defendant SAM WILLIS stated "Oh that is just a word they use around here do not worry."

Defendant DANIEL SWEENEY had a conversation with the plaintiff's previous attorney James Moschella that plaintiff made it to the big time because defendant CAHRLES V. CAMPISI signed off on his 49 personally. Defendant DANIEL SWEENEY then told plaintiff that he will probably lose his job because his partner drinks twelve (12) beers in the RMP every night. He then ordered the plaintiff to return to the Counseling Services Unit the next day.

40.     Plaintiff alleges that on or about November 22, 2005, defendant SAM WILLIS asked plaintiff to sign a consent form after he had already spoken to Captain Donovan of Queens Warrants about plaintiff's alleged chronic alcohol dependency.  Plaintiff alleges that Captain Donovan told defendant SAM WILLIS that the day of the incident, he was with the plaintiff for approximately three (3) hours and he did not smell any alcohol on plaintiff.  Defendant SAM WILLIS acknowledged that each person he has spoken to informed him that the plaintiff does not have a drinking problem.  Defendants' DANIEL SWEENEY and SAM WILLIS informed the plaintiff that defendants' VALLUZZI and DOHERTY allegedly smelled alcohol on plaintiff the night of the incident.  Plaintiff informed defendants' DANIEL SWEENEY and SAM WILLIS that the last drink he had was on August 22, 2005, for his anniversary with a toast which he did not finish.  Defendant SAM WILLIS then offers to refer the plaintiff to a twenty eight (28) day inpatient alcohol treatment program because defendants' VALLUZZI and DOHERTY said that he drinks.  When the plaintiff refused defendant DANIEL SWEENEY began yelling at the plaintiff.  Plaintiff alleges that defendant DANIEL SWEENEY began cursing at plaintiff for being uncooperative.  Upon information and belief, defendants' SAM WILLIS and DANIEL SWEENEY are not CASAC certified and therefore, cannot legally refer plaintiff or any other employee to a treatment provider.

41.     Plaintiff alleges that defendant DANIEL SWEENEY stated that you can look as

pretty as you want in your little suit, sitting there with your square posture and give all the fucking consent that you want. But, I can still call the Department Advocate and tell them that Detective Herlihy is being uncooperative and tomorrow you will be sent to Health Services YOU JUST LOST YOUR JOB ASSHOLE! Plaintiff was ordered to return to the Counseling Services Unit the next day.

42.    Plaintiff alleges that on or about November 23, 2005, he was met by defendants' CHRISTINE CARLOZZI and SUZANNE GIMBLET. The defendants' informed the plaintiff that they are awaiting a call from defendant KEVIN HOLLORAN because when a Detective is referred to alcohol rehab and refuses, the Detective is sent to see the Inspector so that he can be suspended. But, you are not being referred to rehab. Plaintiff informed defendant SUZANNE GIMBLET that defendant SAM WILLIS referred him to rehab four (4) times and defendant SUZANNE GIMBLET stated the he is NOT CERTIFIED therefore, he cannot refer you to rehab. After defendant SUZANNE GIMBLET spoke to defendant SAM WILLIS, defendant SAM WILLIS told the plaintiff that he must have misunderstood him, that he never referred plaintiff to rehab. Upon information and belief, defendants' CHRISTINE CARLOZZI and SAM WILLIS are not CASAC certified counselors.

43.    Plaintiff alleges that on or about December 5, 2005, defendant MICHAEL BAHRENBURG asked him if there is anything he would like to change in his folder. The plaintiff indicated that he did not. Defendant MICHAEL BAHRENBURG then warned the plaintiff that he could be fired for lying in his GO15 hearing. The defendant then asked him was his last drink on August 22, 2005, the plaintiff answered yes. The defendant then asked to speak to the plaintiff's wife at work. After a brief conservation, the plaintiff's wife called the plaintiff very upset because the defendant was unprofessional and had her on speakerphone. The plaintiff

was ordered to return to the Counseling Services Unit the next day.  Upon information and

belief, defendant MICHAEL BAHRENBURG is not a CASAC certified counselor.

44.    Plaintiff alleges that on or about December 6, 2005, he informed defendant SAM

WILLIS that he was withdrawing his consent to speak to anyone about his alleged chronic

alcohol abuse.  Plaintiff asked the defendant if he was a certified counselor and he said no.  That

he is in training.  Plaintiff further alleges that defendant CHRISTINE CARLOZZI entered the

room and alleged that she is an R.N and has the training.  Plaintiff further alleges that defendant

CHRISTINE CARLOZZI told him that she is certified.  But, when the plaintiff requested to see

her certificate and/or card, she failed to produce any such document.  However, she assured the

plaintiff that she was certified since 1982.  Defendant DANIEL SWEENEY then enters the room

and asks the plaintiff if he was taping them.  Once the plaintiff told the defendant he was not

taping them, defendant DANIEL SWEENEY then ordered plaintiff to go to rehab and if he does

not go he will be suspended.  Defendant DANIEL SWEENEY told plaintiff that defendant

CHRISTINE CARLOZZI made the decision based on her certification.  Plaintiff further alleges

that defendant DANIEL SWEENEY then threw him out of his office and notified defendant

KEVIN HOLLORAN.  Upon information and belief, defendants' SAM WILLIS and

CHRISTINE CARLOZZI are not CASAC trainees nor are they CASAC certified.  Defendant

DANIEL SWEENEY is a CASAC trainee but, is not CASAC certified.

45.    Plaintiff alleges that on or about December 7, 2005, he was ordered to report to

the Medical Division to see defendant KEVIN HOLLORAN.  Plaintiff alleges that the defendant

informed him that if he does not go to rehab he has to suspend the plaintiff.  Plaintiff further

alleges that he told the defendant if he does not drink then why does he have to go away to

rehab? The defendant informed him he must go "to save his job and start getting back on the

payroll." The plaintiff still refused to be sent away against his will therefore, the defendant called in the Integrity Control Officer into the room and suspended plaintiff again for another thirty (30) days.

46.     Plaintiff alleges that on or about January 9, 2006, he reported to the Department Advocate's Office to be reinstated back to Modified Assignment. Plaintiff alleges that Lieutenant Pitaffy ordered him to report to Early Intervention. Plaintiff reported to Sergeant Danchak where he was asked more questions about the October 21, 2005, arrest. The plaintiff responded that is it nobody's fault things happen if life. Sergeant Danchak ordered him to report to the Counseling Services Unit. Plaintiff was met by defendant SAM WILLIS and he asked "How was the suspension?" The plaintiff was then offered rehab again and again plaintiff refused therefore, the defendant then ordered the plaintiff to report to the Medical Division to see defendant KEVIN HOLLORAN again to be suspended.

47.     Plaintiff alleges that on or about January 10, 2006, defendant KEVIN HOLLORAN again ordered him in the presence of the Integrity Control Officer that he must go to rehab once the plaintiff refused, he was suspended again for another thirty (30) days.

48.     Based on the foregoing, plaintiff feels that he was and is being improperly and illegally discriminated against and his constitutional rights violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

49.     Plaintiff re-alleges paragraphs 1 through 48 and incorporates them by reference as paragraphs 1 through 48 of Count I of this Complaint.

50.     That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

51.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to

be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life,

liberty, and property without due process of law.

52.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

53.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

**COUNT II**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

54.    Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as

paragraphs 1 through 53 of Count II of this Complaint.

55.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

engaged in various retaliatory actions against him acting individually and in their capacities as

supervisory and/or administrative officials of defendant CITY as a result of his opposition to

disability discrimination and as a result of him expressing his first amendment right to criticize

defendants for attempting to coerce him and other similarly situated individuals under threat of

suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based

Alcoholic Anonymous Counseling Sessions interfering with plaintiff's right to enforce contracts

20

under the color of State Law.

56.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

in so acting was to prevent plaintiff, through economic and psychological intimidation, from

seeking the equal protection of the laws, and from enjoying the equal privileges and immunities

of citizens under the Constitution and laws of the United States and the State of New York.

57.     Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

58.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

59.     Plaintiff re-alleges paragraphs 1 through 58 and incorporates them by reference as

paragraphs 1 through 58 of Count III of this Complaint.

60.     Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY engaged in various severe and hostile actions against him acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for attempting to coerce him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions interfering with plaintiff's right to enforce contracts under the color of State Law.

61.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

62.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

63.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT IV
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

64.     Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as paragraphs 1 through 63 of Count IV of this Complaint.

65.     That by the improper and illegal confinement of plaintiff at the 5th and 7th Precincts, Counseling Services Unit, Early Intervention Unit, Department Advocate's Office and the Medical Division by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under the threat of suspension and/or termination, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

66.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and

assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

67.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

68.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

**COUNT V**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

69.    Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as paragraphs 1 through 68 of Count V of this Complaint.

70.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

71.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

72.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

73.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

74.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October 21, 2005, until this day.

75.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VI**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

76.    Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count VI of this Complaint.

77.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and

seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

78.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

79.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

80.      Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff's rights,

acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

81.      Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October

21, 2005, until this day.

82.      As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

claims herein.

**COUNT VII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

83.      Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as

paragraphs 1 through 82 of Count VII of this Complaint.

84.      Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with

one another to deprive plaintiff of his pension and constitutional rights, including the rights: to

enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

85.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

86.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff of his

civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

87.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

88.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October 21, 2005, until this day.

89.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VIII**
**FALSE IMPRISONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

90.    Plaintiff re-alleges paragraphs 1 through 89 and incorporates them by reference as paragraphs 1 through 89 of Count VIII of this Complaint.

91.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

92.     That by the improper and illegal confinement of plaintiff at the 5th and 7th Precincts, Counseling Services Unit, Early Intervention Unit, Department Advocate's Office and the Medical Division by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under the threat of suspension and/or termination, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

93.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

in so acting was to prevent plaintiff, through economic and psychological intimidation, from

seeking the equal protection of the laws, and from enjoying the equal privileges and immunities

of citizens under the Constitution and laws of the United States and the State of New York

including but not limited to enjoy his right to freedom of speech, movement, association and

assembly, to petition his government for redress of his grievances, to be secure in his person, to

be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life,

liberty, and property without due process of law.

94.     Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1983.

95.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

### COUNT IX
### FALSE ARREST
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

96     Plaintiff re-alleges paragraphs 1 through 95 and incorporates them by reference as

paragraphs 1 through 95 of Count IX of this Complaint.

97.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with

one another to deprive plaintiff of his pension and constitutional rights, including the rights: to

enjoy freedom of speech, movement, association and assembly, to petition his government for

redress of his grievances, to be secure in his person, to be free from unreasonable searches and

seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property

without due process of law.

98.     That by the improper and illegal confinement of plaintiff at the 5th and 7th

Precincts, and Manhattan Central Booking operated by defendant CITY, under the authority of

its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS;

CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A.

THOMPSON; VALLUZZI; and DOHERTY acting individually and acting in their capacities as

supervisory and/or administrative officials of defendant CITY, under color of law, and having

been fully advised that plaintiff was being deprived of his pension and constitutional rights,

either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff,

or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff

from continuing deprivations of his rights to enjoy freedom of speech, movement, association

and assembly, to petition his government for redress of his grievances, to be secure in his person,

to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and

deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

99.     That by the improper and illegal confinement of plaintiff at the 5th and 7th Precincts, and Manhattan Central Booking operated by defendant CITY, under the authority of its agents  RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

100.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to

be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

101.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

102.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

**COUNT X**
**ABUSE OF AUTHORITY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

103    Plaintiff re-alleges paragraphs 1 through 102 and incorporates them by reference as paragraphs 1 through 102 of Count X of this Complaint.

104.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

105.    That by the improper and illegal confinement of plaintiff at the 5th and 7th

Precincts, and Manhattan Central Booking operated by defendant CITY, under the authority of

its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN;

DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS;

CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A.

THOMPSON; VALLUZZI; and DOHERTY acting individually and acting in their capacities as

supervisory and/or administrative officials of defendant CITY, under color of law, and having

been fully advised that plaintiff was being deprived of his pension and constitutional rights,

either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff,

or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff

from continuing deprivations of his rights to enjoy freedom of speech, movement, association

and assembly, to petition his government for redress of his grievances, to be secure in his person,

to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and

deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C.

§ 1983.

106.    That by the improper and illegal confinement of plaintiff at the 5th and 7th

Precincts, and Manhattan Central Booking operated by defendant CITY, under the authority of

its agents  RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY interfered with plaintiff's right to

enjoy freedom of speech, movement, association and assembly, to petition his government for

redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

107.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

108.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

109.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT XI
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

110.    Plaintiff re-alleges paragraphs 1 through 109 and incorporates them by reference as paragraphs 1 through 109 of Count XI of this Complaint.

111.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY acting individually and in their official capacities as supervisory and/or administrative officials of the CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

112.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

113.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination

and bad faith, all in violation of 42 U.S.C. § 1985 (3).

114.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XII
## ATTEMPTED FORCED TREAMENT
## IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM
## IN VIOLATION OF THE ESTABLISHMENT CLAUSE
## OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

115.    Plaintiff re-alleges paragraphs 1 through 114 and incorporates them by reference

as paragraphs 1 through 114 of Count XII of this Complaint.

116.    The First Amendment of the Bill of Rights of the United States Constitution

makes it unlawful to prohibit the freedom of expression, religion, the press, association, the right

to peaceably assemble and to petition the government for redress of grievances.

117.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

violated his right to privacy, freedom of religion and/or expression.

118.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY though the Counseling Services Unit

improperly and illegally attempted to force plaintiff to attend the Twelve Steps Religious Based

Alcohol Anonymous Counseling Sessions under the threat of suspension and/or termination.

 119. As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional

distress, physical illness, and monetary damages.

**COUNT XIII**
**UNLAWFUL EMPLOYMENT ACTIONS**
**IN VIOLATION OF THE ESTABLISHMENT CLAUSE**
**OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

 120. Plaintiff re-alleges paragraphs 1 through 119 and incorporates them by reference

as paragraphs 1 through 119 of Count XIII of this Complaint.

 121. The First Amendment of the Bill of Rights of the United States Constitution

makes it unlawful to prohibit the freedom of expression, religion, the press, association, the right

to peaceably assemble and to petition the government for redress of grievances.

 122. Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V.

CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY

violated his right to privacy, freedom of religion and/or expression.

 123. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN

HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN;

EDWARD A. THOMPSON; VALLUZZI; and DOHERTY though the Counseling Services Unit, Medical Division and Department Advocate's Office improperly and illegally suspended plaintiff numerous times for failing to attend the Twelve Steps Religious Based Alcohol Anonymous Counseling Sessions.

124.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XIV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

125.    Plaintiff re-alleges paragraphs 1 through 124 and incorporates them by reference as paragraphs 1 through 124 of Count XIV of this Complaint.

126.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

127.    Plaintiff re-alleges paragraphs 1 through 126 and incorporates them by reference as paragraphs 1 through 126 of Count XV of this Complaint.

128.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims

brought under this law.

## COUNT XVI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

129.    Plaintiff re-alleges paragraphs 1 through 128 and incorporates them by reference as paragraphs 1 through 128 of Count XVI of this Complaint.

130.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability. The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

131.    Plaintiff re-alleges paragraphs 1 through 130 and incorporates them by reference as paragraphs 1 through 130 of Count XVII of this Complaint.

132.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to the ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XVIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

133.    Plaintiff re-alleges paragraphs 1 through 132 and incorporates them by reference as paragraphs 1 through 132 of Count XVIII of this Complaint.

134.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XIX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

135.    Plaintiff re-alleges paragraphs 1 through 134 and incorporates them by reference as paragraphs 1 through 134 of Count XIX of this Complaint.

136.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

137.    Plaintiff re-alleges paragraphs 1 through 136 and incorporates them by reference as paragraphs 1 through 136 of Count XX of this Complaint.

138.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force.  However, such punishment cannot be for impermissible reasons such as disability discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of

the spirit and purpose of the statute.

## COUNT XXI
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

139.    Plaintiff re-alleges paragraphs 1 through 138 and incorporates them by reference

as paragraphs 1 through 138 of Count XXI of this Complaint.

140.    New York Administrative Code § 14-115(a), gives the police commissioner broad

discretion to impose punishment on a member of the force including dismissal from the force.

However, such punishment cannot be for impermissible reasons such as retaliation. Such

arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose

of the statute.

## COUNT XXII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

141.    Plaintiff re-alleges paragraphs 1 through 140 and incorporates them by reference

as paragraphs 1 through 140 of Count XXII of this Complaint.

142.    New York Administrative Code § 14-115(a), gives the police commissioner broad

discretion to impose punishment on a member of the force including dismissal from the force.

The law also makes it unlawful to create a severe and hostile environment where retaliation,

race, color and disability discrimination are encouraged and/or tolerated. Such arbitrary and

capricious decisions would be impermissible and violative of the spirit and purpose of the

statute.

## COUNT XXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT UNDER NEW YORK STATE COMMON LAW

143.    Plaintiff re-alleges paragraphs 1 through 142 and incorporates them by reference as paragraphs 1 through 142 of Count XXIII of this Compliant.

144.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY intentionally inflicted the aforesaid acts of disability discrimination and/or false imprisonment on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing him emotional distress and anguish.

145.    As a result of the aforesaid intentional acts of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY the plaintiff has been irreparably damaged.

146.    That because of the willful and malicious acts of the defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON;

VALLUZZI; and DOHERTY in gross disregard of the civil rights and well-being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

## COUNT XXIV
## FALSE IMPRISONMENT
## UNDER NEW YORK STATE COMMON LAW

147.    Plaintiff re-alleges paragraphs 1 through 146 and incorporates them by reference as paragraphs 1 through 146 of Count XXIV of this Complaint.

148.    That by the improper and illegal confinement of plaintiff at the 5th and 7th Precincts, and Manhattan Central Booking operated by defendant CITY, under the authority of its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY interfered with plaintiff's right to be free from governmental intrusion.

## **JURY TRIAL**

149.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully requests that this Court find in his favor and against the Defendants' as follows:

a.    Declare that the acts and conduct of defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE

CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY violated the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3); the First Amendment of the Bill of Rights of the United States Constitution; New York Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; the Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under New York State Common Law and False Imprisonment Under New York State Common Law;

   b.    Award plaintiff damages for the full value of all compensation and benefits lost past and future, as a result of the defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; KEVIN HOLLORAN; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; SAM WILLIS; CHRISTINE CARLOZZI; CHARLES V. CAMPISI; ARIANA DONOVAN; EDWARD A. THOMPSON; VALLUZZI; and DOHERTY unlawful conduct;

   c.    Award plaintiff compensatory damages consistent with the aforementioned statues;

   d.    Award plaintiff punitive damages consistent with the aforementioned statutes;

   e.    Award plaintiff appropriate compensatory and punitive damages on his individual torts;

   f.    Award plaintiff prejudgment interest;

   g.    Award plaintiff reasonable attorneys' fees consistent with the aforementioned statues; and

   h.    Award plaintiff such other relief as this Court deems proper.

Dated:       Lake Success, N.Y.
              January 30, 2006

Respectfully submitted,

By: _____

Eric Sanders (ES0224)

Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S10
Lake Success, NY 11042
516-775-9400